An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SUNRIDGE BUILDERS, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>OLD BLUE, LLC, A DEFAULTED NEVADA LIMITED LIABILITY COMPANY; WARREN CERTAIN, AN INDIVIDUAL; AND EBONY BIDDLE, AN INDIVIDUAL,<br>Respondents. | No. 56335 |
| SUNRIDGE BUILDERS, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>OLD BLUE, LLC, A DEFAULTED NEVADA LIMITED LIABILITY COMPANY; WARREN CERTAIN, AN INDIVIDUAL; AND EBONY BIDDLE, AN INDIVIDUAL,<br>Respondents. | No. 57316 |

FILED

FEB 0 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

These are consolidated appeals from district court orders confirming an arbitration award. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Sunridge ("appellant") appeals the district court's order denying its motion to vacate an arbitration award and confirming the award in part (Docket No. 56335). It also appeals an order confirming the whole award (Docket No. 57316). Both cases stem from a construction dispute. We affirm in part and reverse and remand in part.

13-03844

Under common law, we may review a binding arbitration award to determine whether it is arbitrary and capricious. Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist., 122 Nev. 337, 341, 131 P.3d 5, 8 (2006). The arbitrary and capricious standard limits our consideration to whether the arbitrator's findings are supported by substantial evidence. Clark Cty. Educ. Ass'n, 122 Nev. at 343-44, 131 P.3d at 9-10. Although this court's review is limited, it will not uphold an award that is completely irrational. Wichinsky v. Mosa, 109 Nev. 84, 90, 847 P.2d 727, 731 (1993).

The arbitrator awarded respondents, among other things,[1] $1,040,000 for "lost funding" and the district court confirmed the award except for the $1,040,000, remanding that issue to the arbitrator for clarification. Upon remand, the arbitrator explained that the $1,040,000 damage award was for "loss of value" to respondents' property caused by intentional interference with contract or intentional interference with prospective economic advantage.[2] The district court then confirmed the award in its entirety.

"In an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended . . . to disrupt the contractual relationship; (4) actual disruption

---

[1]Appellant argues that the most prominent issue is the $1,040,000 award. We agree and focus on this portion of the arbitrator's award.

[2]These two theories were the seventh and eighth causes of action, respectively, in respondents' counterclaim. The arbitrator awarded damages for "intentional interference . . . with the loan relationship" but did not distinguish between these two causes of action.

of the contract; and (5) resulting damage." J.J. Indus., LLC v. Bennett, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003).

Here, there is no evidence that appellant interfered with a valid and <u>existing</u> contract between the bank and respondents. As indicated in the residential construction loan agreement, respondents had an existing loan agreement with the bank for $4,000,000. The arbitrator's award, however, seems to base damages on a potential loan increase rather than the existing contract. Purportedly appellant's interference prevented this increase.[3] This increase was not part of the existing contract between respondents and the bank. In fact, the contract repeatedly states that respondents would receive a principal sum of $4,000,000. Hence, even if appellant interfered with respondents' ability to secure an additional loan, it did not interfere with a valid and existing contract.

To prove intentional interference with prospective economic advantage, the plaintiff must prove:

> (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct.

Leavitt v. Leisure Sports Inc., 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987).

---

[3]Paragraph 6 of the amended award indicates that respondents were approved for a loan of $5,000,000. The loan agreement that the arbitrator refers to, however, does not include this approval.

 

Here, there is no substantial evidence of harm. "One to whom another has tortiously caused harm is entitled to compensatory damages for the harm if, but only if, he establishes by proof the extent of the harm and the amount of money representing adequate compensation...." Restatement (Second) of Torts § 912 (1979). If one is liable to another for interference with a prospective contractual relationship, he is liable for damages for the pecuniary loss of the benefits of the prospective relationship. Id. at § 774A.

As appellant correctly argues, there was no substantial evidence supporting the $1,040,000 award because respondents did not suffer $1,040,000 in damages. If respondents had received the loan as anticipated, they would have had the opportunity to borrow $1,040,000 that they would have been obligated to repay to the bank. Even assuming respondents valued this opportunity, they cannot claim more than nominal damages for money that, if procured, would have been a debt rather than an asset.

Further, damages based on "loss of value" to respondents' property are unfounded. Respondents' property did not lose value because the bank did not issue a loan. Rather, the property did not gain the value respondents had anticipated. Although respondents could have used the loan to fund improvements that could have increased their property's value, evidence of these anticipated improvements is too speculative to support damages. See Knier v. Azores Constr. Co., 78 Nev. 20, 24, 368 P.2d 673, 675 (1962) (discussing the rule against uncertain damages).

At best, the only harm caused by appellant's alleged intentional interference was loss of a prospective loan agreement. This theory also cannot support the $1,040,000 award because damages for loss

SUPREME COURT
OF
NEVADA

(O) 1947A

of a loan are usually limited to the difference between the interest rate contracted for and the rate the injured party is able to secure. See 3 Dan B. Dobbs, Dobbs Law of Remedies § 12.4(7) (2d ed. 1993) (discussing damages for breach of a loan agreement). More importantly, the arbitrator separately awarded respondents $4,750 for their efforts in "secur[ing] hard money loans," and under the double recovery doctrine a plaintiff can recover only once for a single injury even if the plaintiff asserts multiple legal theories. Elyousef v. O'Reilly & Ferrario, LLC, 126 Nev. ___, ___, 245 P.3d 547, 549 (2010).

Thus, there is no substantial evidence supporting the $1,040,000 damage award. Therefore, we are compelled to conclude that the award is arbitrary and capricious in part, and we reverse the district court's order insofar as it confirms the $1,040,000 damages award and remand this matter to the district court with instructions to vacate that portion of the arbitration award. All other aspects of the district court's orders are affirmed.[4] Accordingly, we

ORDER the judgments of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the

---

[4]We acknowledge appellant's remaining arguments but find that the arbitrator did not abuse his broad discretion. Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist., 122 Nev. 337, 341, 131 P.3d 5, 8 (2006).

 

district court for proceedings consistent with this order.

_____, J.
Saitta

_____, C. J.
Pickering

_____, J.
Hardesty

cc:    Hon. Jennifer P. Togliatti, District Judge
Ara H. Shirinian, Settlement Judge
McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Las Vegas
McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Fresno
Adams Law Group
David J. Winterton & Associates, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A